UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN BUFORD,<br><br>    Plaintiff,<br><br>    v.<br><br>CROSSMARK INC.,<br><br>    Defendant. | No. 2:13-cv-01525-TLN-EFB<br><br>**ORDER DISMISSING CASE** |

This case was ordered transferred to this Court on June 27, 2013.  (ECF No. 13.)  The case was transferred on July 29, 2013.  (ECF No. 14.)  This Court issued the Scheduling Order in this case over twelve months ago, on March 19, 2014.  (ECF No. 22)  On July 1, 2015, this Court issued an Order to Show Cause as to why this matter should not be dismissed for failure to prosecute and sanctioned Plaintiff's attorney $250 for failure to adhere to this Court's orders.  (ECF No. 31.)  Plaintiff's counsel paid the fine and filed a letter with the Court stating that despite counsel's attempts to contact her, Plaintiff has not moved forward with her case.  (ECF No. 34.)

   Plaintiff has not yet entered an appearance, has not engaged local counsel pursuant to Local Rule 182(h), and out-of-state counsel has not been admitted pro hac vice pursuant to Local Rule 180(b)(2).  Further, Plaintiff has not responded to written discovery propounded by Defendant.

1

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962). The Ninth Circuit has set forth four factors that a district court must consider before dismissing a case for failure to prosecute:

> [1] the court's need to manage its docket, [2] the public interest in expeditious resolution of litigation, [3] the risk of prejudice to defendants from delay, [4] the policy favoring disposition of cases on their merits.

*Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 651 (9th Cir. 1991). For the reasons set forth below, the Court finds that these factors weigh in favor of dismissing this case.

First, the Court has an inherent need to manage its docket. Plaintiff filed this case in January 2013 and has not moved forward with her case. Second, the public's interest in expeditious resolution of litigation also favors dismissing this case because the Court is wasting its time and resources attempting to compel Plaintiff's cooperation in litigating her own case. Third, Plaintiff's failure to participate in the litigation of her case prevents Defendants from seeking some sort of resolution. Finally, although the disposition of cases based on their merits in preferred, it is unlikely that such is an option here. The Court simply cannot move forward without Plaintiff's assistance.

Thus, for the aforementioned reasons, the Court finds that all four factors support dismissing Plaintiff's case. As such, the Court hereby DISMISSES all pending claims against Defendant in this action. This case is CLOSED.

IT IS SO ORDERED.

Dated: August 7, 2015

Troy L. Nunley
United States District Judge

2